# HOWREY

1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
www.howrey.com

**Rachel L. Strong**
Partner, Pro Bono
T 202 383 7083
F 202 318 8592
strongr@howrey.com

May 12, 2009

FILED

MAY 15 2009

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

Michael E. Kunz, Clerk of Court
U.S. District Court for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797



Re: Civil Action No. 2:99-cv-04532

Dear Mr. Kunz:

    We represent the Plaintiff, who litigated this case under the pseudonym John Doe, in the above-referenced matter. We received a letter from your office dated March 25, 2009 informing us that the two-year period prescribed by L.R.C.P. 5.1.5 (b)(2) has now concluded and that the documents will be unsealed within 60 days of the notice unless we advise you of our objection to unsealing the documents. By this letter, we object to the unsealing of any documents in this case.

    Plaintiff, John Doe, is an individual with a disability. Plaintiff's real name is not John Doe, but he brought this case under a pseudonym to avoid being identified as an individual with a disability. Recognizing his concern, the Court allowed him to proceed under a pseudonym. Additionally, the parties in this case agreed, and the Court ordered, that a protective order would apply to the treatment of documents and sensitive information in this case. (See the attached Protective Order). Under the Protective Order, Mr. Doe could designate as confidential any documents that identified Mr. Doe's real name. (See ¶ 2 of the attached Protective Order). The parties agreed, and the Court ordered, that all confidential documents that identified Mr. Doe's real name would be filed with this Court under seal. (See ¶ 8 of the attached Protective Order). The parties agreed, and the Court ordered, that these documents would remain confidential indefinitely or until the protective order was lifted or modified by the Court. (See ¶ 23 of the attached Protective Order). The Court has never lifted or modified the Protective Order.

    During the course of this litigation, the confidential material that Mr. Doe produced included highly sensitive information regarding his disability and the impact that his disability had on his ability both to take tests and to practice medicine during his residency years. Since this case ended, Mr. Doe has graduated from medical school, concluded his residency, and is practicing medicine. Mr. Doe has changed jobs since this case ended, and he intends to do so again in the future, either to further his career or as required by relocation or both. Mr. Doe maintains his original fear – which is why he litigated this case at its outset under a pseudonym and agreed to the Protective Order governing sensitive information -- that if these documents are

**HOWREY**



Michael E. Kunz, Clerk of Court
Page Two
May 12, 2009

unsealed, then potential future employers will have access to them and will use that personal health information to discriminate against him or to form preconceived notions regarding his ability to perform as a doctor or otherwise, based on the content of these sealed documents. For that reason, Mr. Doe objects to removing the seal and requests that this Court continue to maintain these sensitive documents under seal.

Respectfully submitted,

Rachel L. Strong

cc: Gabriel L. I. Bevilacqua, Esquire
Saul, Ewing, Remick & Saul, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2166

SO ORDERED
05/23/2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL BOARD OF MEDICAL )<br>EXAMINERS, )<br>)<br>Defendant. )<br>) | Civil Action No. 99-CV-4532 |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED:

1. For purposes of this Order, the terms "party" or "parties" refers to plaintiff John Doe and defendant National Board of Medical Examiners.

2. The provisions of this Order shall apply to any information that any party designates as confidential, and which will include any document that identifies plaintiff's real name. In addition, any document containing, summarizing, or substantially referring to confidential information is a "confidential document."

3. For purposes of this Order, the term "document" shall include generally all written, recorded, or graphic material, including computer data, whether produced or created by a party or agreement or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and/or briefs that contain or summarize materials entitled to protection are examples of "confidential documents" under this definition.

4. Any document claimed by a party to be confidential shall have the following legend placed upon it in such a way as to bring it to the attention of a reasonable examiner:

**CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER IN DOCKET NO. 99-CV-4532, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

The physical act of stamping documents as confidential shall be done in such a way so as not to obscure the text of the document.

5. Any party or non-party giving deposition testimony in this action may designate testimony as confidential by advising the reporter of such fact. The reporter shall mark the transcript "Confidential."

6. No person other than (1) a presiding officer, if any; (2) an authorized court reporter; (3) counsel for the parties; (4) the named parties and officers, directors, or employees of the parties, to the extent necessary for the prosecution or defense of this litigation (except as provided in paragraph 9 below); and/or (5) an authorized witness, shall be in attendance during any portion of deposition testimony during which confidential information is discussed. "Authorized witness" means a witness who has been identified by a party as qualified to testify about such confidential information. "Authorized court reporter" means a court reporter who agrees not to disclose confidential information to any person.

7. If information designated as confidential is disclosed, in whole or in part, in discovery requests or responses, pleadings, motions, briefs, or in any proceeding, including but not limited to hearings and depositions, the filing, paper or transcript of such proceeding shall be designated as confidential and, if filed, shall be filed under seal.

8. Confidential documents shall not be filed with the Clerk of the Court except when required in connection with matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the Office of the Clerk, so long as they retain their status as confidential documents.

9. Confidential information and/or documents shall not be disclosed to any person, except:

    a. counsel of record for the parties, including in-house counsel and co-counsel of record;

    b. employees of such counsel, but only those necessary to assist in the preparation of this litigation;

    c. the named parties and officers, directors, or employees of the parties, to the extent necessary for the prosecution or defense or this litigation;

    d. consultants or experts, to the extent necessary for the prosecution or defense of this litigation'

    e. the Court;

    f. court reporters as provided for herein;

    g. non-parties from whom discovery is sought;

    h. or except as necessary by the parties for reporting purposes, to, for example, governing boards, insurance agents, or tax advisors or as required by Court order.

10. Unless otherwise ordered by the Court in this proceeding, or as otherwise set forth herein, all confidential documents and information will be held by the receiving party and used solely in the prosecution or defense of this action.

11. Whenever a party objects to the designation of a document as confidential, or seeks to have confidential documents released from protective order coverage, the objecting party must notify the designating party in writing of its objection. The designating party will then have fourteen (14) days to consider the confidential designation of the document and respond to the objection. If the objecting party remains unsatisfied at the expiration of this period, it may apply to the Court for a ruling that the document shall not be treated as confidential, giving reasonable notice to the designating party. Any such application shall

specify documents with particularity. Unless this Court enters an order changing the designation, the documents shall remain classified as confidential documents.

12. In the event that any person referred to in paragraph 9 (d) above is to receive confidential information, counsel shall provide such person a copy of this Order for their review. Counsel shall obtain a signed acknowledgment of that review, in the form attached as Exhibit A, before disclosing confidential information to that person. When any person referred to in paragraph 9 (a) or (b) ceases to be employed by or associated with counsel, his or her authorization to have access to confidential documents or information shall automatically terminate, but he or she shall otherwise remain fully subject to this Order.

13. Persons referred to in paragraph 9 shall review this Order and agree to use confidential information solely for purposes of this case. Such persons will also agree to take all precautions necessary to prohibit all access to confidential information other than the access provided for herein. Any person receiving confidential documents or information shall not reveal it to, or discuss it with, any persons not entitled to receive such information as set forth in this Order.

14. Nothing herein shall prevent the parties from using confidential documents in connection with any trial, hearing, or other proceeding in this matter, or for seeking further protection with respect to the use of any such confidential documents in connection with any proceeding. in this matter.

15. In the event that confidential information is used or referred to in any court proceeding herein, intentionally or inadvertently, such information shall not lose its confidential status through such use, and the Court and/or parties shall take such steps as may be necessary to protect and preserve the confidentiality during and after such use.

16. The parties agree to refer to plaintiff as John Doe or Doe in all pleadings and court filings and at the trial of this matter.

17. The existence of this Order, the contents of this Order, or the disclosure of information pursuant to this Order, shall not constitute an admission of the relevancy or admissibility of the confidential information disclosed hereunder.

18. Nothing herein shall preclude any party from seeking or obtaining additional protection for confidential information, or from seeking modification to this Order. All documents filed with the Court pertaining to such a proceeding shall be filed under seal, and any transcript of a related hearing shall also be maintained under seal.

19. Nothing contained herein shall restrict in any manner the use of any party of its own documents, information or materials.

20. The Court may take such further action as may be necessary to protect the confidentiality of any confidential information or documents.

21. This Order does not cover any information that already has been disclosed in the proceeding preceding the date of this Order.

22. Any person who learns of a violation of this Order shall immediately report to the undersigned judge all information he or she possesses regarding such violation.

23. Obligations imposed by this Order as to confidential information itself shall continue indefinitely, or until this Order is lifted or modified by this Court.

Dated: May 16, 2001

Robert M. Bruskin, Esq.
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.
(202) 783-0800

Dated: May 23, 2001

Gabriel L. I. Bevilacqua, Esq.
Saul, Ewing, Remick & Saul, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2166
(215) 972-7777

- 5 -

99CV-4532

ORDER

IT IS SO ORDERED to be filed.

Dated: May 23rd, 2001

_____
M. Faith Angell
United States Magistrate Judge

FILED MAY 2 3 2001

ENTERED

MAY 2 4 2001

CLERK OF COURT

## EXHIBIT A

## CERTIFICATION OF CONFIDENTIALITY

Affidavit

State of _____,

County of _____,

I, _____, certify, pursuant to 28 U.S.C. Section 1746, under penalty of perjury, that the following is true and correct:

1. I have read the provisions of the Protective Order agreed to by the parties with respect to the use of Confidential Information, and I agree to be bound thereby.

2. I understand that I may not, and I agree that I will not, divulge to any other person any confidential document or information disclosed to me pursuant to the Protective Order.

3. I understand that I may not, and I agree that I will not, discuss a confidential document or information with any other person unless the attorney who disclosed such confidential document or information to me has informed me that such other person has executed this Certification.

4. I understand that I may not, and I agree that I will not, use a confidential document or information except in the preparation for trial or trial of this action.

5. I shall return all confidential documents, and any copies thereof, to the attorney from whom I received them at the conclusion of this case.

Dated: _____

_____
[Name of Declarant or Affiant]

- 7 -